1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MANUEL L. ESQUIBEL,            )    NO. CV 15-8959-E
                                    )
12                  Plaintiff,      )
                                    )
13        v.                        )    **MEMORANDUM OPINION**
                                    )
14   CAROLYN W. COLVIN, Acting      )
     Commissioner of Social Security,)
15                                  )
                    Defendant.      )
16   _____)

17

18                         **PROCEEDINGS**

19

20        Plaintiff filed a complaint on November 17, 2015, seeking review

21   of the Commissioner's denial of benefits.  The parties consented to

22   proceed before a United States Magistrate Judge on December 30, 2015.

23   Plaintiff filed a motion for summary judgment on September 7, 2016.

24   Defendant filed a motion for summary judgment on November 7, 2016.

25   The Court has taken the motions under submission without oral

26   argument.  See L.R. 7-15; "Order," filed November 23, 2015.

27   ///

28   ///

1
**BACKGROUND**

2

3       Plaintiff asserted disability since April 14, 2010,[1] based

4 primarily on alleged mental impairments (Administrative Record

5 ("A.R.") 37-42, 75, 186-89).   An Administrative Law Judge ("ALJ")

6 reviewed the medical record and heard testimony from Plaintiff and a

7 vocational expert (A.R. 11-543).   The ALJ found Plaintiff has severe

8 "anxiety and affective disorders" but retains the residual functional

9 capacity to perform his past relevant work, as well as other jobs

10 existing in significant numbers in the national economy (A.R. 13-20).

11 The ALJ deemed Plaintiff's contrary testimony not credible (A.R. 16-

12 17).   The Appeals Council considered additional evidence, but denied

13 review (A.R. 1-4).   Petitioner contends that the ALJ failed to state

14 sufficient reasons for discounting Plaintiff's credibility.

15

16
**STANDARD OF REVIEW**

17

18       Under 42 U.S.C. section 405(g), this Court reviews the

19 Administration's decision to determine if: (1) the Administration's

20 findings are supported by substantial evidence; and (2) the

21 Administration used proper legal standards.   See Carmickle v.

22 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

23 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner

24 of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).

25 Substantial evidence is "such relevant evidence as a reasonable mind

26 might accept as adequate to support a conclusion."   Richardson v.

27 _____

28       [1]     The record reflects that Plaintiff began working at a
full-time job in early 2014 (A.R. 205).

1    _Perales_, 402 U.S. 389, 401 (1971) (citation and quotations omitted);

2    _see also_ _Widmark v. Barnhart_, 454 F.3d 1063, 1066 (9th Cir. 2006).

3

4        Where, as here, the Appeals Council considered additional

5    evidence but denied review, the additional evidence becomes part of

6    the record for purposes of the Court's analysis.  _See_ _Brewes v._

7    _Commissioner_, 682 F.3d at 1163 ("[W]hen the Appeals Council considers

8    new evidence in deciding whether to review a decision of the ALJ, that

9    evidence becomes part of the administrative record, which the district

10   court must consider when reviewing the Commissioner's final decision

11   for substantial evidence."; expressly adopting _Ramirez v. Shalala_, 8

12   F.3d 1449, 1452 (9th Cir. 1993)); _Taylor v. Commissioner_, 659 F.3d

13   1228, 1231 (2011) (courts may consider evidence presented for the

14   first time to the Appeals Council "to determine whether, in light of

15   the record as a whole, the ALJ's decision was supported by substantial

16   evidence and was free of legal error"); _Penny v. Sullivan_, 2 F.3d 953,

17   957 n.7 (9th Cir. 1993) ("the Appeals Council considered this

18   information and it became part of the record we are required to review

19   as a whole"); _see generally_ 20 C.F.R. §§ 404.970(b), 416.1470(b).

20

21                                   **DISCUSSION**

22

23        After consideration of the record as a whole, Defendant's motion

24   is granted and Plaintiff's motion is denied.  The Administration's

25   findings are supported by substantial evidence and are free from

26   ///

27   ///

28   ///

material[2] legal error.  Plaintiff's contrary arguments are unavailing.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[3]  An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d

---

[2]    The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

[3]    In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

4

1   882, 885 (9th Cir. 2004) (internal citations and quotations omitted);

2   see also Social Security Ruling 96-7p.  As discussed below, the ALJ

3   stated sufficient reasons for deeming Plaintiff's subjective

4   complaints less than fully credible.

5

6        The ALJ noted that Plaintiff resumed working at a full-time job

7   in January of 2014, and that Plaintiff did so without claiming medical

8   improvement as the reason for having resumed work (A.R. 11, 16-17).

9   Plaintiff's employment record reflects full-time work with some

10  overtime and double time, beginning in January of 2014 (A.R. 205).

11  Later in 2014, Plaintiff reported to his psychiatrist that Plaintiff

12  was "managing OK on new job" and was "reasonably satisfied" (A.R. 532-

13  33).  When a claimant performs substantial gainful activity, the

14  claimant is not disabled.  See, e.g. Keyes v. Sullivan, 894 F.2d 1053

15  (9th Cir. 1990); Honey v. Colvin, 2015 WL 5096410, at *2 (C.D. Cal.

16  Aug. 28, 2015); 20 C.F.R. §§ 404.1520(b), 416.920(b).  Plaintiff's

17  demonstrated ability to work properly impugns Plaintiff's testimony

18  that his mental symptoms have been of disabling severity.  See, e.g.,

19  Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009); cf.

20  Blankenship v. Bowen, 874 F.2d 1116, 1121-22 (6th Cir. 1989)

21  (recognizing that most mental impairments are progressive in nature),

22  cited with approval in Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th

23  Cir. 1991).

24

25       The ALJ also stated that Plaintiff had been seeking full-time

26  employment since 2011 (A.R. 17).  The record contains numerous

27  references to Plaintiff's searches for employment over an extended

28  period of time (A.R. 390-91, 395, 398-401, 478).  A disability

claimant's search for employment during the period of claimed
disability can undermine the claimant's credibility.  See Copeland v.
Bowen, 861 F.2d 536, 542 (9th Cir. 1988); Bray v. Commissioner of
Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (fact that
a claimant has sought out employment weighs against a finding of
disability); see also Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir.
2014) ("continued receipt" of unemployment benefits can cast doubt on
a claim of disability); but see Webb v. Barnhart, 433 F.3d 683, 688
(9th Cir. 2005) ("That Webb sought employment suggests no more than
that he was doing his utmost, in spite of his health, to support
himself").

     The ALJ also identified inconsistencies in Plaintiff's own
statements (A.R. 17).  For example, at the hearing Plaintiff denied
having attended college during the period of claimed disability, even
though Plaintiff told his psychiatrist in 2012 that Plaintiff then was
attending college (A.R. 47, 392-93).  Similarly, Plaintiff testified
he had not used drugs since he was a youth in his 20's, and yet
Plaintiff reported to his psychiatrist in 2010 that he then was using
methamphetamine (when Plaintiff was 48 years old) (A.R. 45, 47, 408,
410).  The ALJ properly could rely on these inconsistencies to
discount Plaintiff's credibility.  See Burch v. Barnhart, 400 F.3d
676, 680 (9th Cir. 2005) ("In determining credibility, an ALJ may
engage in ordinary techniques of credibility evaluation, such as
considering . . . inconsistencies in claimant's testimony.").

     The ALJ also observed that some of Plaintiff's daily activities
appeared inconsistent with Plaintiff's claimed limitations (A.R. 17).

1    The record supports this observation.  Whereas Plaintiff claimed a

2    disabling inability to get along with others, Plaintiff took public

3    transportation, attended church, went to movies and shopped in stores,

4    all during the period of claimed disability (A.R. 44, 231-32, 259,

5    290, 321-22).  Inconsistencies between claimed incapacity and admitted

6    activities properly can impugn a claimant's credibility.  See, e.g.,

7    Molina v. Astrue, 674 F.3d at 1112 ("the ALJ may consider

8    inconsistencies in the claimant's testimony or between the testimony

9    and the claimant's conduct"); Thomas v. Barnhart, 278 F.3d 947, 958-59

10   (9th Cir. 2002) (inconsistency between claimant's testimony and

11   claimant's actions supported rejection of claimant's credibility);

12   Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistency

13   between claimant's testimony and claimant's actions cited as a clear

14   and convincing reason for rejecting claimant's testimony).

15

16        Finally, the ALJ expressly stated that Plaintiff's "allegations

17   of severe symptoms are not supported by the clinical evidence" (A.R.

18   17).  Although a claimant's credibility "cannot be rejected on the

19   sole ground that it is not fully corroborated by objective medical

20   evidence, the medical evidence is still a relevant factor. . . ."

21   Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the

22   ALJ properly could infer from the medical evidence that Plaintiff's

23   mental problems were not as profound as Plaintiff asserts.

24

25        To the extent one or more of the ALJ's stated reasons for

26   discounting Plaintiff's credibility may have been invalid, the Court

27   nevertheless would uphold the ALJ's credibility determination under

28   the circumstances presented.  See Carmickle v. Commissioner, 533 F.3d

1   1155, 1162-63 (9th Cir. 2008) (despite the invalidity of one or more

2   of an ALJ's stated reasons, a court properly may uphold the ALJ's

3   credibility determination where sufficient valid reasons have been

4   sated).   In the present case, the ALJ stated sufficient valid reasons

5   to allow this Court to conclude that the ALJ discounted Plaintiff's

6   credibility on permissible grounds.   See Moisa v. Barnhart, 367 F.3d

7   at 885.   The Court therefore defers to the ALJ's credibility

8   determination.   See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th

9   Cir. 2007) (court will defer to Administration's credibility

10  determination when the proper process is used and proper reasons for

11  the decision are provided); accord Flaten v. Secretary of Health &

12  Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[4]

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25  _____

    [4]    The Court does not determine herein whether Plaintiff's
26  subjective complaints are credible.   Some evidence suggests that
    those complaints may be credible.   However, it is for the
27  Administration, and not this Court, to evaluate the credibility
    of witnesses.   See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56
28  (9th Cir. 1989).

1

**CONCLUSION**

2

3          For all of the foregoing reasons,[5] Plaintiff's motion for summary

4   judgment is denied and Defendant's motion for summary judgment is

5   granted.

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED: November 10, 2016.

10

11

12                          /s/
                    CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25          [5]    The Court has considered and rejected each of

26   Plaintiff's arguments.  Neither Plaintiff's arguments nor the
     circumstances of this case show any "substantial likelihood of

27   prejudice" resulting from any error allegedly committed by the
     Administration.  See generally McLeod v. Astrue, 640 F.3d at 887-

28   88 (discussing the standards applicable to evaluating prejudice).